## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 24-CR-20031** |
| **v.** | ) | |
| | ) | |
| **MARCUS McKINNEY and JAMES YOUNG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JURY INSTRUCTIONS

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of distribution of methamphetamine, possession of methamphetamine with the intent to distribute, possession of cocaine with the intent to distribute, conspiracy to distribute controlled substances, maintaining drug-involved premises, conspiracy to engage in misleading conduct, and witness tampering.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-CR-20031 |
| | ) | |
| MARCUS McKINNEY, (Also Known | ) | Title 21, United States Code, |
| As "Slim") and JAMES YOUNG (Also | ) | Sections 841(a)(1), 846, & 856(a)(1); |
| Known As "Brownski"), | ) | Title 18, United States Code, |
| | ) | Sections 2 & 1512(b)(1), (b)(3) & (k). |
| Defendants. | ) | |

S E C O N D
S U P E R S E D I N G
**I N D I C T M E N T**

**COUNT ONE**
**(Distribution of Methamphetamine)**

**THE GRAND JURY CHARGES:**

On or about June 20, 2024, in Sangamon County, in the Central District of Illinois,

**MARCUS McKINNEY**
**(Also Known As "Slim")**

defendant herein, knowingly distributed fifty grams or more of methamphetamine

(actual), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

## COUNT TWO
### (Possession of Methamphetamine with Intent to Distribute)

**THE GRAND JURY CHARGES:**

On or about June 26, 2024, in Sangamon County, in the Central District of Illinois,

### MARCUS McKINNEY
### (Also Known As "Slim")

defendant herein, knowingly possessed fifty grams or more of methamphetamine

(actual), a Schedule II controlled substance, with the intent to distribute it.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

## COUNT THREE
### (Possession of Cocaine with Intent to Distribute)

**THE GRAND JURY CHARGES:**

On or about June 26, 2024, in Sangamon County, in the Central District of Illinois,

### MARCUS McKINNEY
### (Also Known As "Slim")

defendant herein, knowingly possessed five hundred grams or more of a mixture and

substance containing cocaine, a Schedule II controlled substance, with the intent to

distribute it.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii).

## COUNT FOUR
### (Conspiracy to Distribute Controlled Substances)

**THE GRAND JURY CHARGES:**

1.      From on or about April 6, 2023, and continuing through at least June 27, 2024, in Vermilion and Sangamon Counties, in the Central District of Illinois, and elsewhere,

### MARCUS McKINNEY
### (Also Known As "Slim")

defendant herein, did knowingly and intentionally conspire with others, both known and unknown to the grand jury, to possess with intent to distribute and to distribute Schedule I and Schedule II controlled substances, including methamphetamine, cocaine, heroin, and fentanyl, and the conspiracy resulted in death and serious bodily injury from the use of such substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

2.      Objects of the Conspiracy

The objects of this criminal conspiracy included to obtain quantities of controlled substances, to distribute the controlled substances in exchange for money and sex acts, and to do so without detection by law enforcement authorities.

3.      Means and Methods of the Conspiracy

Among the means and methods by which the conspirators conducted and participated in the criminal conspiracy are the following:

a.      While permitted by the federal Bureau of Prisons to serve his undischarged sentence of imprisonment on "home confinement' in Vermilion County,

Illinois, McKINNEY rented residences in Danville, Illinois, from a co-conspirator for the purpose of distributing controlled substances and engaging in sex acts with women to whom McKINNEY and co-conspirators distributed controlled substances;

b.    McKINNEY had co-conspirators bring women to these residences in Danville, where McKINNEY and co-conspirators distributed controlled substances to them in exchange for sex acts with McKINNEY and other individuals, as directed by McKINNEY;

c.    McKINNEY and co-conspirators at times required the women to stay at the residences for extended periods of time and continue to engage in sex acts in exchange for McKINNEY and co-conspirators continuing to provide them with controlled substances;

d.    McKINNEY and co-conspirators at times distributed "Hot Shots," which McKINNEY represented were only cocaine, methamphetamine, or other controlled substances, but which actually also contained heroin or fentanyl, resulting in individuals suffering serious bodily injury or death from overdoses;

e.    McKINNEY also used other individuals to transport and distribute controlled substances, to hold controlled substances, to act as look outs, and to provide false information to law enforcement authorities, all to avoid detection; and

f.    After McKINNEY was required to relocate to Springfield, Illinois, by the Bureau of Prisons around September of 2023, McKINNEY continued participating in the conspiracy from Sangamon County, Illinois by distributing

controlled substances in Springfield, Illinois, and having co-conspirators distribute controlled substances in Danville, Illinois.

4.    Acts in Furtherance of the Conspiracy

In furtherance of the criminal conspiracy and to effect the object thereof, in the Central District of Illinois and elsewhere and on or about the dates set forth below, the defendants and others, both known and unknown to the grand jury, committed and caused to be committed acts in furtherance of the conspiracy, including, but not limited to, the following:

a.    On or about April 15, 2023, McKINNEY distributed controlled substances in a "Hot Shot" used by Kimberly Davis in Danville in the Central District of Illinois, resulting in serious bodily injury;

b.    On or about August 19, 2023, McKINNEY and co-conspirators distributed controlled substances used by Maggie Avelar in the Central District of Illinois, resulting in her serious bodily injury and death; and

c.    On or about August 20, 2023, McKINNEY and co-conspirators lied to the Danville Police Department during the investigation of Maggie Avelar's death to avoid detection of the conspiracy.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE
**(Maintaining Drug-Involved Premises)**

**THE GRAND JURY CHARGES:**

Between on or about April 6, 2023, and on or about June 16, 2023, in Vermilion County, in the Central District of Illinois,

**MARCUS McKINNEY**
**(Also Known As "Slim")**

defendant herein, unlawfully and knowingly rented, used, and maintained a place located at 210 State Street, Danville, Illinois, for the purpose of distributing and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT SIX
**(Maintaining Drug-Involved Premises)**

**THE GRAND JURY CHARGES:**

Between on or about July 21, 2023, and on or about September 13, 2023, in Vermilion County, in the Central District of Illinois,

**MARCUS McKINNEY**
**(Also Known As "Slim")**

defendant herein, unlawfully and knowingly rented, used, and maintained a place located at 111 Kentucky Avenue, Danville, Illinois, for the purpose of distributing and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT SEVEN
### (Conspiracy to Engage in Misleading Conduct)

**THE GRAND JURY CHARGES:**

1.       The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 4 of Count Four of this Indictment as though fully set forth herein.

2.       From at least on or about August 19, 2023, and continuing through at least August 20, 2023, in Vermilion County, in the Central District of Illinois, and elsewhere,

**MARCUS McKINNEY (Also Known As "Slim")**
**and**
**JAMES YOUNG (Also Known As "Brownski"),**

defendants herein, knowingly and intentionally conspired with each other and others, both known and unknown to the grand jury, to engage in misleading conduct toward another person with the intent to hinder and prevent the communication to a federal law enforcement officer of information relating to the commission and possible commission of a federal offense, namely, the conspiracy to distribute controlled substances that resulted in the overdose death of Maggie Avelar as set forth in Count Four of this Indictment.

In violation of Title 18, United States Code, Sections 1512(k), 1512(b)(3), and 2.

## COUNT EIGHT
### (Witness Tampering)

**THE GRAND JURY CHARGES:**

On or about January 28, 2025, in Vermilion County, in the Central District of Illinois, and elsewhere,

**MARCUS McKINNEY**
**(Also Known As "Slim")**

defendant herein, knowingly attempted to corruptly persuade Nicole Hughes by

sending her a letter asking her to falsely claim that "girls" approached her and admitted

they were lying about the defendant and were trying to get Nicole Hughes also to lie

about the defendant, with the intent to influence the testimony of Nicole Hughes in an

official proceeding, namely, *United States v. Marcus McKinney*, Central District of Illinois

Case No. 24-CR-20031.

    In violation of Title 18, United States Code, Sections 1512(b)(1).

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.  If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant their testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard testimony from witnesses who:

- received benefits in return for their testimony and cooperation with the government; and

- have pled guilty to being involved in some of the crimes the defendant is charged with committing. You may not consider their guilty pleas as evidence against the defendant.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You have heard witnesses who gave opinions and testimony about certain subjects. You do not have to accept these witnesses' opinions or testimony. You should judge this witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how they reached their opinions and conclusions, and the factors I have described for determining the believability of testimony.

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also shown transcripts of the conversations on the video recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

If, during your deliberations, you wish to have another opportunity to view or listen to any recording, send a written message to the court security officer, and I will bring you back into the courtroom to view and/or listen to the recording. You may, if you wish, rely on your recollections of what you heard during the trial.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You have heard evidence obtained from the government's use of informants. The government is permitted to use this technique. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

Count One of the indictment charges the defendant with distribution of methamphetamine. In order for you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The defendant knowingly distributed methamphetamine; and

2. The defendant knew the substance contained some kind of controlled substance. The government is not required to prove that the defendant knew the substance was methamphetamine.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

A person "distributes" a controlled substance if he delivers or transfers possession of the controlled substance to someone else or causes a person to deliver or transfer possession of the controlled substance to another person.

Methamphetamine is a "controlled substance."

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Count Two of the indictment charges the defendant with possession of methamphetamine with intent to distribute. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant knowingly possessed methamphetamine; and

2. The defendant intended to distribute the substance to another person; and

3. The defendant knew the substance contained some kind of controlled substance. The government is not required to prove that the defendant knew the substance was methamphetamine.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

A person possesses an object if he knowingly has the ability and intention to exercise control over the object, either directly or through others. A person may possess an object even if he is not in physical contact with it and even if he does not own it.

If you find the defendant guilty of the offenses charged in Counts One or Two of the indictment, you must then determine the amount of methamphetamine the government has proven was involved in the offense.

In making this determination, you are to consider any type and amount of controlled substances for which the government has proven beyond a reasonable doubt that the defendant possessed with intent to distribute or distributed.

You will see on the verdict form a question concerning the amount of narcotics involved in the offense charged in Counts One and Two of the indictment. You should consider this question only if you have found that the government has proven the defendant guilty of the offense charged in Count One or Two of the indictment.

If you find that the government has proven beyond a reasonable doubt that the offense involved fifty grams or more of methamphetamine as to the charge you are considering, then you should answer the first question "Yes" as to that charge. If you answer "Yes," then you need not answer the remaining question regarding drug quantity for that count.

If you find that the government has not proven beyond a reasonable doubt that the offense involved fifty grams or more of methamphetamine as to the charge you are considering, then you should answer the first question "No" as to that charge.

If you answer the first question "No," then you must answer the next question. That question asks you to determine whether the government has proven beyond a reasonable doubt that the offense involved five grams or more of methamphetamine. If you find that the government has proven beyond a reasonable doubt that the offense

involved five grams or more of methamphetamine as to the charge you are considering, then you should answer the second question "Yes" as to that charge.

If you find that the government has not proven beyond a reasonable doubt that the offense involved five grams or more of methamphetamine as to the charge you are considering, then you should answer the second question "No" as to that charge.

Count Three of the indictment charges the defendant with possession of cocaine with intent to distribute. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant knowingly possessed cocaine; and

2. The defendant intended to distribute the substance to another person; and

3. The defendant knew the substance contained some kind of controlled substance. The government is not required to prove that the defendant knew the substance was cocaine.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

Cocaine is a "controlled substance."

If you find the defendant guilty of the offense charged in Count Three of the indictment, you must then determine the amount of cocaine the government has proven was involved in the offense.

In making this determination, you are to consider any type and amount of controlled substances for which the government has proven beyond a reasonable doubt that the defendant possessed with intent to distribute.

You will see on the verdict form a question concerning the amount of narcotics involved in the offense charged in Count Three of the indictment. You should consider this question only if you have found that the government has proven the defendant guilty of the offense charged in Count Three of the indictment.

If you find that the government has proven beyond a reasonable doubt that the offense involved five hundred grams or more of a substance containing cocaine, then you should answer the question "Yes."

If you find that the government has not proven beyond a reasonable doubt that the offense involved five hundred grams or more of a substance containing cocaine, then you should answer the question "No."

Count Four of the indictment charges the defendant with conspiracy to distribute controlled substances. In order for you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The conspiracy as charged in Count Four existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

Fentanyl and heroin are "controlled substances."

If you find the defendant guilty of the offense charged in Count Four of the indictment, you must then determine whether the government has proven that the defendant's distribution of a controlled substance resulted in serious bodily injury to Kimberly Davis or the death of Maggie Avelar.

To prove that Kimberly Davis suffered serious bodily injury as a result of the defendant's distribution of a controlled substance, the government must prove beyond a reasonable doubt that Kimberly Davis would not have been seriously injured if she had not used the controlled substance distributed by defendant. It is not enough to prove that the defendant's conduct merely contributed to Kimberly Davis's serious bodily injury.

To prove that Maggie Avelar died as a result of the defendant's distribution of a controlled substance, the government must prove beyond a reasonable doubt that Maggie Avelar would not have died if she had not used the controlled substance distributed by defendant. It is not enough to prove that the defendant's conduct merely contributed to Maggie Avelar's death.

The government is not required to prove that the defendant intended to cause Maggie Avelar's death.

You will see on the verdict form two questions concerning this issue. You should consider those question only if you have found that the government has proven the defendant guilty as charged in Count Four of the indictment.

If you find that the government has proven beyond a reasonable doubt that the defendant's distribution of a controlled substance resulted in serious bodily injury to Kimberly Davis, then you should answer that question "Yes."

If you find that the government has not proven beyond a reasonable doubt that the defendant's distribution of a controlled substance resulted in serious bodily injury to Kimberly Davis, then you should answer that question "No."

If you find that the government has proven beyond a reasonable doubt that the defendant's distribution of a controlled substance resulted in the death of Maggie Avelar, then you should answer that question "Yes."

If you find that the government has not proven beyond a reasonable doubt that the defendant's distribution of a controlled substance resulted in the death of Maggie Avelar, then you should answer that question "No."

The term "serious bodily injury" means bodily injury that involves—

(a) A substantial risk of death;

(b) Extreme physical pain;

(c) Long-lasting and obvious disfigurement; or

(d) Long-lasting loss or impairment of the function of a bodily member, organ, or mental faculty.

Counts Five and Six of the indictment charge the defendant with maintaining a drug-involved premises. In order for you to find the defendant guilty of these charges, the government must prove both of the following elements beyond a reasonable doubt:

1. The defendant knowingly rented a place; and

2. The defendant did so for the purpose of distributing or using a controlled substance. The government is not required to prove that was the defendant's sole purpose.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

A person "maintains a drug-involved premises" if he owns or rents the premises, or exercises control over them, and for a sustained period, uses those premises to manufacture, store, or sell drugs, or directs others to those premises to obtain drugs. The mere fact that the defendant lived in premises used for distributing or using a controlled substance is insufficient to prove that he maintained the house for the purpose of distributing or using a controlled substance.

Count Seven of the indictment charges the defendant with conspiracy to engage in misleading conduct. In order for you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The conspiracy as charged in Count Seven existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

For purposes of Count Seven, the offense of conspiracy to engage in misleading conduct requires an agreement to knowingly engage in misleading conduct toward another person with intent to hinder, delay or prevent the communication of information to a law enforcement officer of the United States related to the commission or possible commission of a federal offense.

The term "misleading conduct" means knowingly making a false statement, intentionally omitting material information from a statement and thereby causing a portion of such a statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement; with intent to mislead.

The term "law enforcement officer" means an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government, who is authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense or serving as a probation or pretrial services officer under federal law.

The government must show a reasonable likelihood that the relevant communication would reach a federal law enforcement officer. If the underlying crime would have been prosecuted in federal court, you may find it is reasonably likely that the communication would reach a federal law enforcement.

Count Eight of the indictment charges the defendant with witness tampering. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant corruptly persuaded another person or attempted to do so; and

2. The defendant acted knowingly; and

3. The defendant acted with the intent to influence, delay or prevent the testimony of any person in an official proceeding.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

A person acts "corruptly" if he or she acts with the purpose of wrongfully impeding the due administration of justice.

The term "official proceeding" as used in Count Eight means *United States v. Marcus McKinney*, Central District of Illinois Case No. 24-CR-20031.

An official proceeding need not be pending or about to be instituted at the time of the offense. However, the government must prove beyond a reasonable doubt that the defendant foresaw the particular official proceeding.

The indictment charges that the crime happened "on or about" a certain date. The government must prove that the crime happened reasonably close to that date. The government is not required to prove that the crime happened on that exact date.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly known as Twitter), or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  24-CR-20031 |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS McKINNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT**

## **Count One**

We, the jury, find the defendant, Marcus McKinney, _____

(guilty, not guilty)

of the offense of distribution of methamphetamine as charged in Count One of the

Indictment.

If you find the defendant guilty, did the offense involve fifty grams or more of

methamphetamine? _____

(yes, no)

If no, did the offense involve five grams or more of methamphetamine? _____

(yes, no)

## **Count Two**

We, the jury, find the defendant, Marcus McKinney, _____

(guilty, not guilty)

of the offense of possession of methamphetamine with the intent to distribute as

charged in Count Two of the Indictment.

If you find the defendant guilty, did the offense involve fifty grams or more of methamphetamine? _____
                      (yes, no)

If no, did the offense involve five grams or more of methamphetamine? _____
                                                                      (yes, no)

---

## Count Three

We, the jury, find the defendant, Marcus McKinney, _____
                                                    (guilty, not guilty)

of the offense of possession of cocaine with the intent to distribute as charged in Count Three of the Indictment.

If you find the defendant guilty, did the offense involve five hundred grams or more of a substance containing cocaine? _____
                                                         (yes, no)

---

## Count Four

We, the jury, find the defendant, Marcus McKinney, _____
                                                    (guilty, not guilty)

of the offense of conspiracy to distribute controlled substances as charged in Count Four of the Indictment.

If you find the defendant guilty, did the defendant's distribution of a controlled substance result in serious bodily injury to Kimberly Davis? _____
                                                                     (yes, no)

If you find the defendant guilty, did the defendant's distribution of a controlled substance result in the death of Maggie Avelar? _____
                                                         (yes, no)

### Count Five

We, the jury, find the defendant, Marcus McKinney, _____

(guilty, not guilty)

of the offense of maintaining drug-involved premises as charged in Count Five of the

Indictment.

### Count Six

We, the jury, find the defendant, Marcus McKinney, _____

(guilty, not guilty)

of the offense of maintaining drug-involved premises as charged in Count Six of the

Indictment.

### Count Seven

We, the jury, find the defendant, Marcus McKinney, _____

(guilty, not guilty)

of the offense of conspiracy to engage in misleading conduct as charged in Count Seven

of the Indictment.

### Count Eight

We, the jury, find the defendant, Marcus McKinney, _____

(guilty, not guilty)

of the offense of witness tampering as charged in Count Eight of the Indictment.

DATE: _____


_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____